Cause No. 2025-DCV – 0935
Appeal No. 15-25-00129-CV

DEC 31 2025

CHRISTOPHER A. PRINE
CLERK

| | | |
|---|---|---|
| Keith Shannon, | § | In the |
| | § | |
| Plaintiff, | § | **15**<u>th</u> |
| | § | |
| v. | § | |
| | § | |
| Texas Workforce Commission, | § | |
| | § | COURT OF APPEALS |
| Defendant, | § | |
| | § | AUSTIN, TEXAS |

### Motion to Extend Time to File

### Plaintiff's Motion to Challenge the Constitutionality of Statute

The Plaintiff, Appellant, Pro Se, Mr. Shannon seeks to extend his time to file his Motion to Challenge the Constitutionality of a Statute  pursuant to the Texas Rules Appellate Procedure Rule 10.5(b).  The following facts pertain to the request:

Mr. Shannon's Challenge to Constitutionality of State Statute was due to be filed by August 15, 2025.

The Mr. Shannon made several attempts before and after the deadline to download the preformatted document from the Court's website, but it would not

website downloaded without issue.

Mr. Shannon filed, "Notice: Challenge to Constitutionality of Statute," to alert the Court to the issue. It was filed on the deadline, August 15, 2025, in the 346th District Court under the belief it would reach the 15th Court of Appeals.

On December 4, 2025 Mr. Shannon was able to download the Court's preformatted document which he filled out and filed with the 346th District Court, within his "Plaintiff's Amended Notice: Challenge to Constitutionality of Statute", under the belief that his filings were reaching the 15th Court of Appeals.

About December 15, 2025 Mr. Shannon received and email from the clerk of 15th Court of Appeals, dated December 9, 2025, that suggested his filings were not reaching the Court. Mr. Shannon seeks to file his documents with the Court *post haste*, so files this motion to explain the situation.

**No Prior Extensions Requested**

The Appellant, Keith Shannon, has not made any prior requests for an extension of time to file his Appellant Brief and the Appeals Court has not granted any such request to him.

Amended Motion to Challenge the Constitutionality of a Statute to December 19, 2025 based on the facts available to the Court and those given in this motion.

## Certificate of Conference

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I have made a reasonable attempt to confer, with the counsel for the Texas Workforce Commission—which is listed below—about the merits of this motion with the following result:

On December 18, 2025 I called Peter Berquist who could not be reached at the number he provided to me. The number, (512) 478-4013 was disconnected.

The motion is presumed to be opposed.



KEITH SHANNON                                      Date
2825 Grant Ave. Apt #3
El Paso TX. 79930
kshanvon@aol.com
(915) 202-6382

## Certificate of Service

      I, Keith Shannon, Plaintiff Pro se, hereby certify that I have served a true and correct copy of this, *Motion for Extension of Time to File Plaintiff's Appellant Brief,* upon its General Counsel, at the email or address listed below, on or about the 19th day of December, 2025.

Peter Berquist
General Counsel
Texas Workforce Commission
101 East 15th Street, Suite 608
peter.berquist@oag.texas.gov
Austin, Texas 78778
(512) 478-4013

KEITH SHANNON: Plaintiff Pro Se

| Keith Shannon, | § | In the |
|---|---|---|
| Plaintiff, | § § § | 15TH |
| v. | § | |
| Texas Workforce Commission, | § § | |
| | § | COURT OF APPEALS |
| Defendant, | § | |
| | § | AUSTIN, TEXAS |

## <u>Amended Notice: Challenge to Constitutionality of Statute</u>

The Plaintiff, Appellant, Keith Shannon intends to challenge the constitutionality of Tex. Lab. Code 212.201, including the manner it was applied to this case by the trial court.

The form provided for such challenges available through the Texas Judicial Branch website would not download, so the original "Notice: Challenge to Constitutionality of Statute" was filed on August 15, 2025 to meet the deadline.

The Plaintiff has since acquired the form; it is page two this amended notice.

**constitutionality of a state statute.** The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

15-25-00129-CV      15th Court of Appeals

**Cause Number** *(If Known):*    2025DCV0935    **Court** *(If Known):*    346th District Court

Styled: **Keith Shannon v. Texas Workforce Commission**

(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)

**Contact information for party\* challenging the constitutionality of a state statute.** (*\*If party is not a person, provide contact information for party, party's representative or attorney.*)

| | |
|---|---|
| Name:    Keith Shannon | Telephone:    9152026382 |
| Address:    2825 Grant Ave. Apt#3 | Fax: |
| City/State/Zip: El Paso Texas 79930 | State Bar No. (if applicable): |
| Email:    kshanvon@aol.com | |

Person completing this form is:    ☐ Attorney for Party ☑ Unrepresented Party ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute.**

☐ Petition    ☐ Answer    ☐ Motion (Specify type):

☑ Other: Appellant Brief

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☑ Yes    ☐ No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge.** (Additional pages may be attached if necessary.)

Tex. Lab Code Section 212.XX has a 28 day deadline for a plaintiff to seek judicail review that is strictly interpreted by the courts. This makes it unconstitutional in the interest of equality. First not everyone gets the same nor even a minimum allotment of time to prepare their petition, due to the Commission's ability to hold onto its decisions as long as it wants before sending them to the Plaintiff. The Commission currently has the option to hold onto its decision for the entire 28 days then have every Plaintiff's claim thrown out for a lack of jurisdiction. Second not all cases are simple, some are quite complex. If the Plaintiff must proceed pro se the less than 28 days one has to prepare the petition amounts to a deprivation of one's Constitutionally guaranteed access to the courts, which is exacerbated by the strict inflexible 28 day deadline.



KEITH SHANNON                                    Date
2825 Grant Ave. Apt #3
El Paso TX. 79930
kshanvon@aol.com
(915) 202-6382

### Certificate of Service

I, Keith Shannon, Plaintiff Pro se, hereby certify that I have served a true and correct copy of this, *Notice: Challenge to Constitutionality of Statute,* upon its General Counsel, at the email or address listed below, on or about the 19th day of December, 2025.

Peter Berquist
General Counsel
Texas Workforce Commission
101 East 15th Street, Suite 608
peter.berquist@oag.texas.gov
Austin, Texas 78778
(512) 478-4013

_____
KEITH SHANNON: Plaintiff Pro Se

Keith Shannon
2825 Grant Ave. Apt. 3
El Paso, Texas 79930

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

DEC 3 1 2025

CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

DEC 3 1 2025

CHRISTOPHER A. PRINE
CLERK

Retail



UNITED STATES
POSTAL SERVICE®

RDC 99



78711

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX 79903
DEC 19, 2025

$1.90

S2324E502179-33

Fifteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711